COMMONWEALTH *vs.* DAVID L. GREEN.  June 2, 1981.  The defendant appeals from his conviction by a jury on an indictment charging him with kidnapping.  He was acquitted on an indictment charging him with rape.  Both indictments arose out of the same series of events.  The defendant argues two assignments of error:  (1) the trial judge's exclusion of certain hypothetical questions posed to the defendant's expert witness; and (2) the introduction of the victim's clothing in evidence in violation of a pretrial conference agreement.

1.  At trial, the defendant offered Dr. Nathan Sidley, a psychiatrist, as an expert witness, for purposes of discrediting the victim.  The trial judge, however, refused to allow Dr. Sidley to respond as an expert to hypothetical questions concerning the use of vaginal smear slides in testing for the presence of seminal fluid or pooled secretions after sexual intercourse, and the effect of tension and stress caused by forced intercourse on blood

pressure and pulse rate. See *Commonwealth* v. *Seit*, 373 Mass. 83, 92 (1977).

We pass the question whether the judge could reasonably have concluded that Dr. Sidley lacked the skill and experience necessary to draw the conclusions the defendant sought to elicit, because, even if Dr. Sidley had been deemed qualified, his testimony would have gone to the issue of rape, the charge on which the defendant was acquitted. Compare *Commonwealth* v. *Lee*, 4 Mass. App. Ct. 453, 460-461 (1976). Thus, the excluded evidence had no relevance to the only indictment on which the defendant was convicted.

No argument has been made that the judge's rulings in this regard unduly hampered or prejudiced the defendant in his defense of the kidnapping charge. Nor on review of the record are we able to discern any such prejudice.

2. The defendant next asserts that the Commonwealth's introduction of the clothes worn by the victim during the time of the incident violated the pretrial conference report agreement. He argues that because the conference report did not particularize the victim's clothes, he had no way of knowing that the clothes would be offered in evidence, and thus had inadequate opportunity "to reduce . . . [the] impact [of that evidence] or turn it to [his] advantage." The judge ruled that although the conference report was deficient with respect to the Commonwealth's failure to reveal that it had the victim's clothing within its possession, there was "no great prejudice to the defendant."

The failure on the part of the Commonwealth to include in the conference report that the victim's clothing was available for inspection constituted "carelessness or an error of judgment which should not have occurred." *Commonwealth* v. *Delaney*, 11 Mass. App. Ct. 398, 402 (1981). However, we conclude, as did the lower court, that in the circumstances of this case such an omission did not harm the defendant. *Commonwealth* v. *Gilbert*, 377 Mass. 887, 894 (1979). *Commonwealth* v. *Cundriff*, 382 Mass. 137, 150-151 (1980). Nor are we able to see how the defendant could have been harmed. The defendant would have merely used the victim's clothing in preparing his defense to the charge of rape, on which he was acquitted. See *Commonwealth* v. *Lee, supra*.

*Judgment affirmed.*

*Wade M. Welch* for the defendant.

*Susan C. Mormino*, Assistant District Attorney, for the Commonwealth.